The Honorable Jay Bradford State Representative P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Representative Bradford:
You have asked me to reconsider Ark. Op. Att'y Gen. No. 2003-041, in which I opined that a court imposing a fine to be paid in installments may impose as administrative costs only the $5.00 per month installment fee referenced at A.C.A. § 16-13-704(b)(1) (Supp. 2001). In support of your request, you have presented the following facts:
 In misdemeanor and traffic cases, the local municipal court judges have been assessing, in addition to the fine, court costs and time pay fee, a "probation service fee" to offset the costs of allowing a time pay account (paperwork, supervision of defendant's account, and to help defray the costs of the actual tracking down and billing of the monthly payments). Authority for this was apparently thought to be available through A.C.A. 5-4-322, which says:
 "A municipal court, district court, city court, or police court may place a person on probation or sentence him or her to public service work, and, as a condition of its order, may require the defendant to pay a fine in one (1) or several sums, and in addition may require the person to pay a probation fee or pay a public service work supervisory fee in an amount to be established by the court."
 [A.C.A. § 5-4-322(a) (Supp. 2001)]. The defendant is required to sign an agreement acknowledging the terms of the installment payment and the agreement is enforced by contempt proceedings. The payment of the installments as agreed can be considered the probation requirement; in other respects, the probation is unsupervised.
Based on this background, you have posed a question I will paraphrase as follows:
 Is it within the discretion of the court to apply a portion of the probation fee imposed on the defendant, pursuant to provisions of ACA 5-4-332, to defray the expenses relating to the billing, collection and recordkeeping required to collect the installment payment of fines?
RESPONSE
In my opinion, the answer to your question is "no."
I should note initially that your question will become moot when Act 1765 of 2003 takes effect on July 16, 2003. Specifically, Act 1765 amends A.C.A. § 5-4-332 by adding the following subsections:
 (d)(1) Except as provided in subsection (e) of this section, no court may impose probation fees in any case in which the only sentence available is a monetary fine, court costs or, if applicable, restitution.
 (2) In those cases, a defendant may be given time to make those payments and the installment payment fee in § 16-13-704 shall be the only fee authorized for administering those accounts.
 (3) If the sentence available includes incarceration, probation and probation fees may be ordered in lieu of incarceration.
 (e) If a fine is an authorized sentence, the fine may be suspended and probation and probation fees may be ordered in lieu of the fine.
This statute in effect memorializes what I concluded was already the law in Ark. Op. Att'y Gen No. 2003-041 — namely, that A.C.A. §16-13-704(b)(1) sets forth the sole fee that may be charged for the collection of an installment fine. In my opinion, irrespective of what the municipal and traffic courts currently do, the Code does not support charging a defendant a "probation fee" if the defendant is not placed on probation. Section 5-4-101 of the Code offers the following applicable definitions:
 (1) "Suspension" or "suspend imposition of sentence" means a procedure whereby a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence and without supervision;
 (2) "Probation" or "place on probation" means a procedure whereby a defendant who pleads or is found guilty of an offense is released by the court without pronouncement of sentence but subject to the supervision of a probation officer.
These definitions do not support any concept of "unsupervised probation" nor the imposition of the fees you have described. Indeed, a release without supervision following a plea or an adjudication of guilt fails to qualify as "probation." Given these definitions, it is clear that A.C.A. § 5-4-322(a) does not authorize the imposition of a "probation fee" when the court has not in fact directed supervised probation.
I am aware, as you have noted, that municipal courts have apparently imposed a "probation fee" on some defendants whose only penalty was the payment of a lump-sum or installment fine. In my opinion, neither the Code in its current form nor the Code as amended by Act 1765 supports this practice. Accordingly, I must respectfully decline your invitation to retreat from my analysis in Ark. Op. Att'y Gen. No. 2003-041.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh